# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Criminal Case No. 03-441-08 (RBW) |
| ANTHONY RICE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Anthony Rice, the defendant in this criminal case, was convicted of one count of conspiracy to import one kilogram or more of heroin and five kilograms or more of cocaine, and one count of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more cocaine base. Motion to Vacate, Set Aside, or Correct Sentence ("Def.'s § 2255 Mot.") ¶ 2. The Court sentenced the defendant to a twenty-year term of incarceration on the first count and to one life sentence on the second count, to be served concurrently. Id. Currently before the Court is the defendant's § 2255 motion and the United State[s'] Motion to Dismiss Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't's Mot. to Dismiss"). Upon careful consideration of the parties' submissions[1] and the entire record in this case, the Court concludes for the following reasons that it must grant the government's motion to dismiss the defendant's § 2255 motion on timeliness grounds.

---

[1] In addition to the filings previously identified, the Court considered the following submissions in reaching its decision: (1) the Defendant's Reply to Government's Motion to Dismiss Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Def.'s Reply"); (2) the United State[s'] Response to Defendant's Reply to Motion to Dismiss Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't's Response"); and (3) the parties' Joint Appendix ("JA").

I.     **BACKGROUND**

On October 7, 2003, a federal grand jury charged the defendant and eighteen other codefendants with one count of conspiracy to import one kilogram or more of heroin and five kilograms or more of cocaine and one count of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more cocaine base. JA at 79–85. The Court conducted a jury trial in January and February 2006, id. at 57–64 (docket entries indicating dates on which jury trial was held), and the jury convicted the defendant of both conspiracy counts, id. at 431–35. On November 7, 2006, the Court sentenced the defendant to a twenty-year term of incarceration on the first count and life without the possibility of parole on the second count. Id. at 433.[2]

The defendant appealed his convictions, and they were affirmed by the District of Columbia Circuit on April 1, 2014. Gov't's Mot. to Dismiss, Exhibit ("Ex.") A (United States Court of Appeals for the District of Columbia Circuit Per Curiam Judgment dated Apr. 1, 2014). The defendant then filed a petition for a writ of certiorari with the Supreme Court, which was denied on November 10, 2014. Id., Ex. D (Letter from the Clerk of the Supreme Court of the United States to the Clerk of the District of Columbia Circuit dated Nov. 10, 2014). On December 2, 2014, the District of Columbia Circuit issued its mandate. Mandate (Dec. 2, 2014), ECF No. 924. On November 28, 2015, the defendant filed his § 2255 motion, see Def.'s § 2255 Mot. at 1, in which he requests an evidentiary hearing, see id. ¶ 8.

II.     **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 (2012) ("AEDPA"), permits a person in custody under sentence by a federal court to "move the court

---

[2] Two ten-year concurrent terms of supervised release were also imposed to ensure that the defendant would be under supervision if somehow the defendant was not required to serve his entire prison sentence.

which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, . . . that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the reviewing court finds that any of these grounds exist, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

### III.     ANALYSIS

The AEDPA sets a one-year period of limitation for filing a motion under § 2255. See id. § 2255(f). Both parties agree that in this case, the one-year period starts to run from the date that the defendant's judgment of conviction became final. See Def.'s § 2255 Mot. ¶ 5; Gov't's Mot. to Dismiss at 5; see also 28 U.S.C. § 2255(f)(1). In Clay v. United States, 537 U.S. 522 (2003), the Supreme Court determined that for § 2255 purposes, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires," id. at 527.

The government argues that the defendant's § 2255 motion is untimely because it was filed on November 28, 2015, more than one year after the Supreme Court denied the defendant's petition for a writ of certiorari on November 10, 2014. See Gov't's Mot. to Dismiss at 6–7. The defendant does not dispute that his motion is untimely, but argues that he is entitled to equitable tolling to excuse his untimely filing. See Def.'s Reply at 2–3. Specifically, the defendant asserts that, "to his detriment, [he] relied on the advice of counsel in not presenting appellate issues in earlier pleadings, but rather wait[ed] for the [§] 2255 motion, whereby said counsel then miscalculated the pertinent deadline and filed late." Id. at 3; see also id., Attachment ("Attach.") A (Affidavit of Jenifer Wicks ("Wicks Affidavit")) ¶ 10 ("I calculated the [§ 2255] deadline and

3

[the defendant] relied entirely on my judgment as to the deadline."). The government argues in response that "extraordinary circumstances" are not present to justify equitable tolling in this case. Gov't's Response at 2–3. The Court agrees with the government.

In United States v. McDade, 699 F.3d 499 (D.C. Cir. 2012), the District of Columbia Circuit held "that equitable tolling applies to motions filed pursuant to § 2255." Id. at 504. However, the District of Columbia Circuit noted:

> As the Supreme Court has held, attorney error alone in calculating a filing deadline generally does not amount to extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007). Moreover, the Court observed in Irwin[ v. Department of Veterans Affairs] that courts have "typically extended equitable relief only sparingly." 498 U.S. [89,] 96 [(1990)]. Still, the Court observed approvingly, courts have "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or . . . been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. It cautioned that it has generally "been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id.

McDade, 699 F.3d at 505; see also Lawrence, 549 U.S. at 336–37 ("Attorney miscalculation [of the AEDPA limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

In McDade, the defendant (1) researched and gathered evidence in support of his ineffective assistance of counsel claim, (2) advised his counsel of his wish to include that claim in his § 2255 motion, (3) "alerted counsel almost four months in advance" of the deadline for his § 2255 motion, and (4) requested that his attorney send him a draft of his motion, which the attorney never did. See 699 F.3d at 501, 505. Moreover, the defendant's counsel filed the defendant's § 2255 motion on time, but failed to include the ineffective assistance of counsel claim "due solely to his own inadvertence." See id. The defendant's counsel thereafter filed an amended motion that included the ineffective assistance of counsel claim "only [thirty] days past

4

the one-year limitations period." See id. The District of Columbia Circuit held that the defendant's "diligence in pursuing his claim and his counsel's failure to abide by his requests demonstrate extraordinary circumstances warranting application of equitable tolling to his . . . § 2255 motion," and contrasted the circumstances with "'garden variety' error cases that involve the failure of counsel and the defendant and counsel to properly calculate a deadline and the defendant's sitting on his hands." See id. at 505.

In this case, the defendant asserts that, only at his "constant insistence," did his attorney file his § 2255 motion, but that despite his "persistent requests," his § 2255 motion was untimely filed. See Def.'s Reply at 3. The defendant, however, has provided no evidence that supports his claims of diligence in pursuing his postconviction relief, considering that his motion was not filed until over one year after the Supreme Court issued its denial of his petition for a writ of certiorari and over eleven months after the Circuit issued its mandate affirming his convictions. Rather, the defendant relies solely on an affidavit by his former counsel who filed his § 2255 motion. See Def.'s Reply, Attach. A (Wicks Affidavit). In that affidavit, his prior attorney stated that the defendant "continued to follow up with [her]. He asked [ ] when the [§] 2255 motion would be due so I calculated the deadline and told him when the deadline was. . . . I calculated the deadline and [the defendant] relied entirely on my judgment as to the deadline." Id., Attach. A (Wicks Affidavit) ¶¶ 5, 10. In the Court's view, the attorney's miscalculation of the deadline constitutes a "'garden variety' error," see McDade, 699 F.3d at 505, because the defendant's "follow up" with his attorney does not constitute sufficient evidence to demonstrate that he "exercise[d] due diligence in preserving his legal rights," id.; see also Damren v. Florida, 776 F.3d 816, 822 (11th Cir. 2015 ) (finding that the defendant's counsel's "incomplete and inadequate attempts to ascertain the deadline by which to file [the defendant's] petition clearly constitute negligent conduct, [but] they do not rise to the level of the 'extraordinary

circumstances' required to equitably toll [AEDPA's] limitations period and excuse [the defendant's] untimely filing"), petition for cert. filed (U.S. Oct. 20, 2016) (No. 16-6498). Accordingly, equitable tolling is not justified in this case.

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that the government's motion to dismiss must be granted, and the defendant's § 2255 motion must be denied as untimely because the defendant filed his motion more than one year after his judgment of conviction became final, and the defendant has failed to demonstrate extraordinary circumstances to warrant application of equitable tolling. Because the Court concludes that the defendant's § 2255 motion is untimely and fails as a matter of law for that reason, it need not hold an evidentiary hearing on the motion.

**SO ORDERED** this 5th day of January, 2017.[3]

REGGIE B. WALTON
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.