# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 03-441-8 (RBW) |
| | ) | |
| ANTHONY RICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Anthony Rice, the defendant in this criminal case, was convicted of one count of conspiracy to import one kilogram or more of heroin and five kilograms or more of cocaine, and one count of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more of cocaine base. Petitioner's Fed.[ ]Rule Civ.[ ]Proc.[ ]Rule 60(b) Motion to Reinstate His 28 U.S.C. § 2255 Habeas Petition ("Def.'s Mot." or the "Rule 60(b) motion") at 1–2. The Court sentenced the defendant to a twenty-year term of incarceration on the first count and a life sentence of incarceration on the second count, to be served concurrently. Id. at 2. Currently pending before the Court is the defendant's Rule 60(b) motion, which "petitions this [ ] Court . . . to reinstate [his] 28 U.S.C. § 2255 motion as well as reconsider [its Order] granting [ ] the government's motion to dismiss" that motion. Id. at 1. Upon careful consideration of the parties' submissions,[1] the Court concludes for the reasons set forth below that it must deny the defendant's Rule 60(b) motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the United States['] Opposition to Petitioner's Federal Rule of Civil Procedure Rule 60(b) Motion ("Gov't's Opp'n"); (2) the Reply to the United States' Opposition to Petitioner's Federal Rule of Civil Pro[]cedure Rule 60(b) Motion ("Def.'s Reply"); and (3) the Motion to Vacate, Set Aside[,] or Correct Sentence ("Def.'s § 2255 Mot.").

## I.    BACKGROUND

The Court has previously set forth the factual background underlying the defendant's conviction in this case, see United States v. Rice, 227 F. Supp. 3d 82, 83–84 (D.D.C. 2017) (Walton, J.), aff'd, 727 F. App'x 697 (D.C. Cir. 2018), and therefore will not recite it again here. The Court will, however, briefly summarize the procedural posture relevant to the pending motion.

On November 28, 2015, the defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2018) (the "§ 2255 motion"). See Def.'s § 2255 Mot. at 1. On January 5, 2017, the Court dismissed the defendant's § 2255 motion "as untimely because the defendant filed his motion more than one year after his judgment of conviction became final, and the defendant [ ] failed to demonstrate extraordinary circumstances to warrant application of equitable tolling." Rice, 227 F. Supp. 3d at 86. On January 17, 2017, the defendant filed a notice of appeal with the District of Columbia Circuit challenging the Court's dismissal of his § 2255 motion. See Notice of Appeal (Jan. 17, 2017). On January 4, 2018, while the appeal was pending, the defendant filed his Rule 60(b)(6) motion with this Court. The District of Columbia Circuit thereafter affirmed this Court's dismissal of the defendant's § 2255 motion, see Rice, 727 F. App'x at 698, but noted that the defendant's Rule 60(b) motion "raise[d] new evidence of [Jenifer] Wicks'[s, the defendant's first postconviction attorney,] never-waived conflict of interest and its existence at the time she missed the filing deadline for [the defendant's §] 2255 motion" and "le[ft] it for th[is] [ ] [C]ourt to address in the first instance the significance of that new evidence of a never-waived conflict [of interest] as warranted," id. at 702. This Memorandum Opinion addresses the defendant's Rule 60(b) motion.

## II.   STANDARD OF REVIEW

"Rule 60(b) provides that 'upon such terms as are just, the [C]ourt may relieve a party . . . from a final judgment, order, or proceeding' for any of several specified reasons." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1988). The Supreme Court has noted that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (second alteration in original) (internal quotation marks omitted).[2]

Clause (b)(6) of Rule 60 "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)" of the Rule. Salazar ex rel. Salazar v. District of Columbia, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)); see Fed. R. Civ. P. 60(b)(6) (permitting courts to "relieve a party . . . from a final judgment, order, or proceeding" for "any other reason that justifies relief"). "The Rule does not particularize the factors that justify relief, but . . . provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'"

---

[2] The Court notes that "[c]ourts in this District have routinely invoked Gonzalez in denying motions brought under Rule 60(b) that in substance challenge the merits of a prior decision denying relief under [§] 2255" because such motions are properly considered as second or successive habeas petitions. United States v. Wilson, 950 F. Supp. 2d 90, 94 (D.D.C. 2013) (collecting cases). However, "a Rule 60(b) motion that attacks 'some defect in the integrity of the federal habeas corpus proceeding,' for example, 'denial for such reasons as failure to exhaust, procedural default, or [the] statute-of-limitations bar,' should not be treated as a habeas petition." Id. (quoting Gonzalez, 545 U.S. at 532 & n.4). Here, because the defendant's Rule 60(b) motion challenges the Court's denial of his § 2255 motion based on the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations bar, the motion is properly brought under Rule 60(b) and the Court will not treat it has a second or successive § 2255 motion, which would require certification by the District of Columbia Circuit before this Court could consider it. See id. (explaining that "[o]nce a [district] court has adjudicated a defendant's [§] 2255 motion, any 'second or successive' motion under [§] 2255 must be certified by a panel of the relevant court of appeals" as having met certain criteria before the district court can consider the motion (citing 28 U.S.C. § 2255(h); id. § 2244(b)(2)).

Liljeberg, 486 U.S. at 863–64 (quoting Klapprott v. United States, 335 U.S. 601, 614–15 (1949)). Although the Court "enjoys a large measure of discretion in deciding whether to grant or deny a [Rule] 60(b)[(6)] motion," Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C. Cir. 1987), the Supreme Court has held that Rule 60(b)(6) applies only in "extraordinary circumstances," Ackermann v. United States, 340 U.S. 193, 202 (1950), and "this [Circuit] has cautioned that Rule 60(b)(6) 'should be only sparingly used,'" Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).

## III.  ANALYSIS

The defendant requests reconsideration of this Court's denial of his § 2255 motion as untimely under Rule 60(b)[3] for three reasons. First, he argues that the untimely filing of his § 2255 motion should have been excused because the Supreme Court's decisions in Martinez v. Ryan and Trevino v. Thaler

---

[3] It is not clear to the Court whether the defendant brings his motion under Rule 60(b)(5), Rule 60(b)(6), or both. The defendant makes a passing reference to "Rules 60(b)(5)(6)" at the conclusion of his motion, see Def.'s Mot. at 34, but does not otherwise indicate anywhere in his submissions under which provision of Rule 60(b) he seeks relief, see generally id.; Def.'s Reply. However, the defendant's motion is premised on the argument that, "for 'any other reason,' . . . [the] Court could vacate its prior judgment denying § 2255 relief, if it finds that counsel was indeed ineffective." Def.'s Mot. at 21 (emphasis added) (quoting Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001)). The "any other reason" language in Rodriguez mirrors, and indeed, directly quotes, the language of Rule 60(b)(6), see Rodriguez, 252 F.3d at 201 ("Rodriguez seeks to vacate the judgment under . . . Clause (6) [of Rule 60(b)], which permits relief for 'any other reason justifying relief from the operation of the judgment.'" (quoting Fed. R. Civ. P. 60(b)(6)); see also Fed. R. Civ. P. 60(b)(6) (permitting amendment of a judgment for "any other reason that justifies relief"), which, together with the fact that the defendant makes no other reference to clause (5) of the Rule in his submissions, nor does he cite to any case law relating to that clause, suggests to the Court that the defendant seeks relief under Rule 60(b)(6), rather than Rule 60(b)(5). Moreover, relief under Rule 60(b)(5) is unavailable to the defendant because "[t]he Supreme Court has made it clear that Rule 60(b)(5) applies in ordinary civil litigation where there is a judgment granting continuing prospective relief, such as an injunction, but not in the denial of federal habeas relief." Griffin v. Sec'y, Fla. Dep't of Corrections, 787 F.3d 1086, 1089 (11th Cir. 2015). Relief under the other provisions of Rule 60(b) is also unavailable to the defendant because he does not allege, nor does the Court perceive, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2); "fraud . . . , misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3); or that "the judgment is void," Fed. R. Civ. P. 60(b)(4). Accordingly, the Court finds it appropriate to construe the defendant's motion as brought pursuant to Rule 60(b)(6).

> provide support for [his] position that a federal habeas court can find cause to
> excuse a procedural default where there is a "substantial" claim of ineffective
> assistance of trial counsel, where there was no right to counsel during the
> post[]conviction review, and where [ ] federal [procedure] effectively requires
> [that] ineffective assistance of trial counsel claims [ ] be litigated on initial collateral
> review.

Def.'s Mot. at 23 (first citing Martinez v. Ryan, 566 U.S. 1, 13–17 (2012); then citing Trevino v.

Thaler, 569 U.S. 413, 423 (2013)). Second, he argues that the Court should have equitably tolled

the statute of limitations as to his § 2255 motion because "Peter Cooper and Jenifer Wicks[, his

postconviction attorneys,] provided ineffective assistance of counsel at the post[]conviction

stage." Def.'s Reply at 2. Finally, he argues that the Court should have allowed his § 2255

motion to proceed because his "underlying ineffective assistance of counsel claim [raised in his

§ 2255 motion] is strong." Id. at 6. The Court will address each of the defendant's arguments in

turn.

### A. Whether the Court Have Excused the Untimely Filing of the Defendant's § 2255 Motion Under Martinez and Trevino

In Coleman v. Thompson, the Supreme Court held that "[b]ecause a prisoner does not

have a constitutional right to counsel in state postconviction proceedings, ineffective assistance

in those proceedings does not qualify as a cause to excuse a procedural default." Davila v.

Davis, 137 S. Ct. 2058, 2062 (2017) (citing Coleman v. Thompson, 501 U.S. 722 (1991)).

> In Martinez . . . and Trevino . . . , th[e] [Supreme] Court announced a narrow
> exception to Coleman's general rule. That exception treats ineffective assistance
> by a prisoner's state postconviction counsel as cause to overcome the default of a
> single claim—ineffective assistance of trial counsel—in a single context—where
> the State effectively requires a defendant to bring that claim in state postconviction
> proceedings rather than on direct appeal.

Id. at 2062–63 (citations omitted).

The defendant argues that the Court should have excused the untimely filing of his

§ 2255 motion under Martinez and Trevino because those decisions

provide support for [his] position that a federal habeas court can find cause to excuse a procedural default where there is a "substantial" claim of ineffective assistance of trial counsel, where there was no right to counsel during the post[]conviction review, and where [ ] federal [procedure] effectively requires ineffective assistance of trial claims to be litigated on initial collateral review.

Def.'s Mot. at 23.[4] The government responds that "[t]he exception carved out by Martinez-Trevino does not . . . apply to the one-year statute of limitations" of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Gov't's Opp'n at 10. The government is correct and the Court agrees with those courts that have declined to expand the exception recognized in Martinez and Trevino beyond its initial application.

As a preliminary matter, the Court notes that that the defendant improperly characterizes the untimely filing of his § 2255 motion as a procedural default, when in fact, the statute of limitations bar—the ground for dismissal of the defendant's § 2255 motion—and procedural default are two separate bars to habeas relief.

Although both the doctrine of procedural default and [the] AEDPA's time bar prevent a federal court from considering the merits of a habeas claim, they do so for distinct reasons. Procedural default is grounded in concerns of comity and federalism. In contrast, [the] AEDPA's limitations period serves the well-recognized interest in the finality of state court judgments. Because the two doctrines implicate different concerns, they produce different results in many instances. In deciding whether a petitioner properly filed a state petition for tolling

---

[4] The defendant also argues that "[w]hile the . . . Supreme Court has not yet expanded Martinez . . . and Trevino . . . to include federal habeas claims under § 2255, it has also not foreclosed that possibility." Def.'s Reply at 2. The government responds that "the [ ] Supreme Court has never expanded the reach of [Martinez and Trevino] to include federal habeas claims under § 2255." Gov't's Opp'n at 2. "Martinez and Trevino both involved a state prisoner seeking relief in federal court under 28 U.S.C. § 2254—not a federal prisoner pursuing relief under 28 U.S.C. § 2255, as here," and "[e]ven assuming that [the defendant] has raised a debatable issue concerning the general applicability of Martinez and Trevino in § 2255 proceedings, Martinez's narrow exception was expressly limited to establish[ing] cause for a prisoner's procedural default in raising a claim of ineffective assistance of trial counsel . . . [and] [the defendant's] § 2255 motion . . . was denied on a basis other than such procedural default; specifically, . . . the motion was denied because it was untimely given that it was not filed within one year of [the defendant's] conviction becoming final." United States v. Robinson, __ F. App'x __, __ & n.4, 2019 WL 454140, at *4 & n.4 (10th Cir. Feb. 5, 2019) (third alteration in original) (internal quotation marks omitted). Because the Court concludes in this Memorandum Opinion that the procedural default exception recognized in Martinez and Trevino does not apply in the context of the AEDPA's statute of limitations bar and therefore does not excuse the untimely filing of the defendant's § 2255 motion, see Part III.A., infra, the Court need not separately address the "general applicability of Martinez and Trevino in § 2255 proceedings," Robinson, __ F. App'x at __, 2019 WL 454140, at *4.

purposes, a federal court considers such factors as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In deciding whether a claim is procedurally defaulted, a federal court considers whether the state procedural rule at issue was independent of federal law and whether it was firmly established and consistently applied.

Laurel v. Felker, No. CV 08-1676-MMM (PLA), 2009 WL 393013, at *4 n.10 (C.D. Cal. Feb. 12, 2009) (citations and internal quotation marks omitted). While the District of Columbia Circuit has not expressly addressed whether the holdings of Martinez and Trevino apply in the AEDPA statute of limitations bar context, "[s]ince Martinez was decided, [other circuits] have repeatedly underscored its narrow scope," Chavez v. Sec'y, Fla. Dep't of Corrections, 742 F.3d 940, 945 (11th Cir. 2014), and concluded that the procedural default exception recognized in Martinez and Trevino does not excuse untimely filings seeking relief under the AEDPA, see United States v. Robinson, __ F. App'x __ , __, 2019 WL 454140, at *5 (10th Cir. Feb. 5, 2019) ("Mr. Robinson cannot avail himself to the holdings of Martinez and Trevino on the question of whether his § 2255 motion was timely."); Lombardo v. United States, 860 F.3d 547, 561 (7th Cir. 2017) ("Martinez arose in the context of procedural default, and established a framework by which state prisoners could establish cause and prejudice to excuse their procedural default and thus present claims in a federal habeas petition that they failed to present to the state courts. However, even state prisoners who meet that standard, and can thus present their claims in federal court without being procedurally defaulted, must still file their petition in federal court within the statute of limitations . . . . Martinez said nothing about excusing that independent procedural requirement for either state or federal petitioners."), cert. denied, 138 S. Ct. 1032 (2018); Shank v. Vanoy, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) ("Martinez considered whether ineffective assistance of counsel excuses procedural default . . . [,] not whether it excuses late filing."); Taylor v. Eppinger, No. 16-4227, 2017 WL 5125666, at

*2 (6th Cir. June 2, 2017) ("Taylor cites only cases holding that ineffective assistance of counsel in state proceedings may provide cause to excuse procedural default. But that principle is inapplicable here, where the limitations period is at issue and procedural default is not." (citations omitted)); Bland v. Superintendent Greene SCI, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017) ("Martinez has nothing to do with the governing statute of limitations and cannot excuse a failure to file within the limitations period."); Chavez, 742 F.3d at 945 ("emphasiz[ing] that the equitable rule established in Martinez applies only to excusing a procedural default of ineffective-trial-counsel claims, and, for that reason, has no application to others like the one-year statute of limitations period" (internal quotation marks omitted)); Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] AEDPA's statute of limitations or the tolling of that period."). Accordingly, the Court concludes that the procedural default exception recognized in Martinez and Trevino does not apply in the context of the AEDPA's statute of limitations bar, and therefore, Martinez and Trevino do not excuse the defendant's untimely filing of his § 2255 motion.

**B. Whether the Court Should Have Equitably Tolled the Statute of Limitations Period as to the Defendant's § 2255 Motion**

The defendant argues that the Court should have equitably tolled the statute of limitations period as to his § 2255 motion based on the allegedly ineffective representation by his postconviction attorneys, Jenifer Wicks and Peter Cooper. See Def.'s Mot. at 26–27. Specifically, he argues that Ms. Wicks's representation was ineffective because she (1) "fail[ed] to correctly calculate the filing date for [his] § 2255" motion and (2) "had an unwaivable conflict of interest pertaining to [his] ineffective assistance of counsel claim," Def.'s Reply at 3, because "she had represented co-defendant [Roland] Bailey at trial," and although the defendant "had

8

signed a waiver of potential conflict regarding [Ms.] Wicks'[s] representation of him on appeal

. . . , this waiver was limited to the appeal and did not extend to the filing of [his] § 2255"

motion, id. at 4 & n.2. He further argues that Mr. Cooper's representation was ineffective

because,

> [i]n challenging the government's motion to dismiss, although [Mr. Cooper] raised
> equitable tolling, he only provided an affidavit from appellate counsel and not an
> affidavit from [the defendant] [and] he [ ] never interviewed [the defendant] about
> what had occurred during the one year and [eighteen] days between the denial of
> his petition in the Supreme Court and the filing of his [§] 2255 [motion].

Def.'s Mot. at 26. The Court disagrees with the defendant and declines to reconsider its

dismissal of the defendant's request to equitably toll the statute of limitations period.

"A limitations period may be subject to equitable tolling where the defendant

demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing.'" Evans v. Lockett, Civ. Action No.

17-2619 (ABJ), 2019 WL 1003412, at *4 (D.D.C. Mar. 1, 2019) (quoting Holland v. Florida, 560

U.S. 631, 649 (2010)); see United States v. McDade, 699 F.3d 499, 504 (D.C. Cir. 2012)

("hold[ing], in view of Holland, that equitable tolling applies to motions filed pursuant to

§ 2255"). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond

the party's control 'stood in [its] way' and caused the delay." Lombardo, 860 F.3d at 552

(alteration in original) (quoting Menominee Indian Tribe of Wis. v. United States, 136 S. Ct.

750, 756 (2016)).

To the extent that the defendant argues that the Court should make an exception to the

extraordinary circumstances requirement for ineffective assistance of counsel claims, the Court

must reject that argument for the reasons explained by the Seventh Circuit in Lombardo. In

Lombardo, the defendant argued that the court "should create an exception to [the extraordinary

circumstances] element for equitable tolling specific to claims of ineffective assistance of trial counsel" and "hold that for such claims, [ ] petitioner[s] can establish extraordinary circumstances by showing that (1) they had no postconviction counsel or their counsel was ineffective, and (2) their underlying claim has 'some merit.'" Lombardo, 860 F.3d at 555. The Seventh Circuit rejected this argument, reasoning that adopting this framework "would greatly erode the statute of limitations," id. at 559, because

> every petitioner whose ineffective-assistance claim wouldn't already fail on other grounds will have established extraordinary circumstances. That would effectively transform the statute of limitations into a mere safe-harbor provision, as petitioners could still file their ineffective-assistance claim at any time so long as they have exercised reasonable diligence. Equity does not require, and precedent does not permit, such an undermining of the congressionally enacted statute of limitations.

Id. at 560–61. The Court finds the Seventh Circuit's reasoning persuasive and declines to apply an exception to the extraordinary circumstances requirement for ineffective assistance of counsel claims.

In any event, the defendant's claims of allegedly ineffective representation by his postconviction attorneys, Ms. Wicks and Mr. Cooper, do not constitute extraordinary circumstances sufficient to warrant equitable tolling. As to Ms. Wicks's miscalculation of the § 2255 filing deadline, the District of Columbia Circuit has already concluded that this error did not amount to an extraordinary circumstance, see Rice, 727 F. App'x at 701, and the Court cannot revisit the Circuit's ruling. As to Ms. Wicks's allegedly unwaivable conflict of interest, the defendant argues that "[w]hile [he] may not have been entitled to a lawyer as a federal habeas petitioner, he was led to believe [that] he was and that Ms. Wicks would be providing that service," Def.'s Reply at 5–6, which "rises to the level of a [District of Columbia] Rule of Professional Conduct 8.4(d) violation for engaging in conduct that seriously interferes with the administration of justice," id. at 6. The defendant does not explain, nor can the Court discern,

10

how Ms. Wicks's alleged conflict of interest "caused the delay" in filing his § 2255 motion. Lombardo, 860 F.3d at 552 (emphasis added); see Blue v. Medeiros, 913 F.3d 1, 8 (1st Cir. 2019) ("It is up to the petitioner to establish 'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.'" (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). The Court therefore concludes that Ms. Wicks's purported conflict of interest also does not establish a basis for the Court to equitably toll the statute of limitations as to the defendant's § 2255 motion. And, as to Mr. Cooper's allegedly ineffective representation, because this conduct occurred after the § 2255 filing deadline was missed, the defendant cannot also "establish a 'causal relationship between [Mr. Cooper's conduct] and the lateness of the filing,'" Blue, 913 F.3d at 8 (quoting Valverde, 224 F.3d at 134). Therefore, the Court also concludes that Mr. Cooper's conduct does not provide a basis for the Court to equitably toll the statute of limitations as to the defendant's § 2255 motion.[5] Accordingly, the Court concludes that the defendant has failed to demonstrate that the circumstances of his case warrant equitable tolling of the AEDPA's statute of limitations period.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that the defendant has failed to demonstrate the extraordinary circumstances necessary to warrant reconsideration pursuant to Rule 60(b)(6), and thus, it must deny the defendant's Rule 60(b) motion.[6]

---

[5] Because the Court concludes that it cannot excuse the defendant's untimely filing of his § 2255 motion, the Court need not address the merits of the underlying ineffective assistance of counsel claim raised in the motion.

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.

**SO ORDERED** this 22nd day of April, 2019.

REGGIE B. WALTON
United States District Judge